Eastern District of Kentucky
**F I L E D**
AUG 07 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

**CIVIL ACTION NO. 16-113-HRW**

JAMES SAMUELL,                                                  PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

PHI AIR MEDICAL, LLC,                                 DEFENDANT.

This matter is before the Court upon Defendant PHI-Air Medical, L.L.C.'s Motion for Summary Judgment [Docket No. 39]. The motion has been fully briefed by the parties [Docket Nos. 39-1, 41 and 42]. For the reasons set forth herein, the Court finds that Defendant is entitled to judgmenbt6 as a matter of law.

**I.**

This case arises from the termination of Plaintiff James Samuell's employment with Defendant PHI Air Medical, LLC (hereinafter "PHI"). In April of 2011, PHI hired Samuell as a flight paramedic at its Morehead, Kentucky location. [Deposition of James Samuell, Docket No. 39-2, p. 110]. There is no evidence of an employment contract in the record.

In addition to working as a paramedic for PHI, Sameull is a helicopter pilot and owns a business, Sierra Aeronautics. *Id.* at pp. 17-16. As the owner / operator of Sierra Aeronautics, Sameull participates in airshows, giving helicopter rides to patrons for a fee. *Id.* at pp. 70-77, 130-133.

In accordance with PHI's Conflict of Interest Policy, a copy of which is in the record at Docket No. 39-6, in January of 2013, Sameull disclosed to PHI that he owned Sierra Aeronautics. *Id.* at pp. 11-112. In September of 2013, PHI made a determination that Samuell's operation of this side business would not violate its Conflict of Interest Policy, so long as Samuell engaged in the side business only at times when he would not otherwise have been scheduled to work for PHI. *Id.*

On February 1, 2016, Samuell requested FMLA-like leave [1] for the purpose of bonding with his child, whose birth was anticipated in March of 2016. *Id.* pp. 114-116 . The leave was requested for the period of March 21, 206 through May 24, 2016, although Samuell indicated he "may return earlier." *Id.* and Exhibit 8. PHI approved the request. *Id.*

At some point, Sameull's leave was considered to be that of one on an intermittent, as opposed to a continuous, basis. *Id.* at pp. 170-171. Sameull's supervisor, Charles Williams, testified that, pursuant to this arrangement, Sameull was not scheduled to work any specific days but, rather, that he would ask Samuell whether he could work certain days. Williams testified that he would ask Sameull, "Hey, can you pick up this shift?" and sometimes Samuell would say yes, he could, and sometimes he would say no,

---

[1] Phi Air's Morehead, Kentucky base is not a "covered employer under theFamily Medical Leave Act 29 U.S.C. § 2601, *et seq.*, because it does not have 50 or more employees employed at that base, nor within a 75- mile radius of the base, as required by the statute. 29. U.S.C. § 2611(2). However, because Phi Air recognizes its employees may, from time to time, have a need to take time away from work for FMLA-covered reasons, it has adopted a practice of accepting and approving employee leave requests for FMLA-like leave. [Affidavit of Maria Costella, ¶¶ 7-8].

he could not. [Deposition of Charles Williams, Docket No. 41-1, pp. 27-28]. PHI and Samuell's agreement about intermittent leave essentially resulted in a reduced work schedule with variable hours week to week, and, on the days he was not working at PHI, he was considered to be on FMLA. *Id.* at pp. 57-58.

Sameull's son was born in mid-March 2016 and he began taking his "baby-bonding" leave.

The events leading to his termination occurred shortly thereafter. On May 18, PHI's Eastern Region Director, Matthew Ishmael, learned that Samuell had taken baby-bonding leave on Sunday, April 3 and Thursday, April 7, 2016, in order for Sierra Aeronautics to participate in the "Sun'N Fun" airshow in Lakeland, Florida giving helicopter rides to patrons of the show. [Affidavit of Matthew Ishmael, Docket No. 39-6, ¶¶ 4, 5]. He also learned that Samuell took baby-bonding leave on Saturday, May 7, 2016 so Sierra Aeronautics could participate in the "Guardians of Freedom" airshow in Lincoln, Nebraska. *Id.*

PHI's Kentucky Business Operations Manager, Joshua Brand, confronted Sameull regarding the use of his baby-bonding leave to attend air shows and operate his side business. [Deposition of Joshua Brand, Docket No. 39-7, p.11]. Sameull responded, **"absolutely not**." *Id.* (emphasis added).

Later, upon Brand's request, Sameull, followed up with an email:

> Hello Josh. As we spoke, *I don't have any other outside employment*. I do own a company which I disclosed on 6/25/13 to PHI Inc. I received a letter stating that it was not a conflict and that it was approved. As of this date I have not received any form or [sic] personal gain or payment from this company as it is in the

3

> growth stage. If you have further questions please let me know and
> I will see about getting them addressed.

*Id.*

In her deposition, PHI's director of Human Resources, Maria Costella, testified that she believes that Sameull responded to the allegation by claiming he had requested vacation days for the dates in question. [Deposition of Maria Costella, Docket No. 39-8, pp. 49-50]. She verified that he had not requested vacation days on April 3 o7 or May 6.

Matthews also testified that he did not believe Sameull requested vacation days for those trips. [Matthew's Affidavit at ¶ 8]. It would appear, rather, that he understood that Sameull was taking his FMLA leave on those days.

In fact, Sameull testified that he had exhausted all of his vacation time by April 1. [Sameull Depo., p. 117].

On June 1, 2016, PHI terminated Samuell's employment. It states that the reason for termination is Sameull's fraudulent use of the approved baby-bonding leave, and for being dishonest when asked about the use of the leave.

On September 16, 2016, Samuell filed this civil action against PHI alleging six claims: Count I- interference with his rights under the Family and Medical Leave Act ("FMLA"); Count II - retaliation in violation of the FMLA; Count III -promissory estoppel (based on Samuell's having engaged in supplemental/outside employment purportedly in reliance on PHI's assurances he would not be terminated for having done so); Count IV - wrongful termination in violation of public policy; Count V- tort of outrage; and Count VI - equitable estoppel (seeking to preclude PHI from arguing his

4

FMLA claims should be dismissed because PHI is not a covered employer under the statute and, therefore, Samuell was not entitled to FMLA leave) [Complaint, Docket No. 1].

PHI seeks summary judgment as to all claims alleged against it.

## II.

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). PHI bears the initial burden of demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant may satisfy this burden by offering affirmative evidence that negates an element of non-moving party's claim or by pointing to an absence of evidence to support the non-moving party's claim. If the moving party satisfies its burden, then the party opposing summary judgment must then set forth the specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In evaluating the evidence, we draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "A mere scintilla of evidence in support of the non-moving party's position will be insufficient for her claim to survive summary judgment. Rather, there must be enough evidence such that the jury could reasonably find for him." *Anderson*, 477 U.S. at 251, 106 S.Ct. 2505.

# III.

## A.     FMLA claims

Counts I and II allege violations of the Family Medical Leave Act. The Act, referred to as FMLA, entitles eligible employees up to twelve weeks of unpaid, job-protected leave per year. 29 U.S.C. § 2612(a)(1). Employees can use this leave to recover from a serious health condition or to care for an immediate family member with a serious health condition. Id. The Act prohibits employers from retaliating against employees who take such leave, or otherwise interfering with their right to do so. *Id.* § 2615(a); *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004). Sameull claims PHI did both.[2]

In Count I of his Complaint, Sameull claims that PHI interfered with his right to take leave. To survive summary judgment on this claim, Sameull must show that (1) he is an eligible employee, (2) PHI is a covered employer, (3) he notified PHI of his intent to take leave and (5) PHI denied the leave or otherwise interfered with his FMLA rights. *Id.* at 244.

The parties do not dispute the first four elements. It is at the fifth and most crucial element that the parties diverge. However, despite his assertion that PHI "interfered" with his FMLA rights, there is nothing in the record which establishes that

---

[2] The parties agree that PHI is not technically covered by the FMLA. The parties also agree that PHI offers FMLA-type leave. Both parties analyze Plaintiff's claim using the FMLA and its caselaw. This, the Court fill follow the parties down their gilded path and assume that the FMLA applies to this case.

Sameull was ever denied any baby-bonding leave he requested. As such, this claim fails as a matter of law.

Sameull's claim of retaliation fares no better. In his Complaint, Sameull alleges that "PHI retaliated against [him] by terminating his employment because [he] requested FMLA leave." [Docket No. 1, ¶ 45].

In analyzing a claim for retaliation within an FMLA context, this court applies the familiar burden-shifting test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Sameull can establish a prima facie case of discrimination by showing that (1) he availed herself of a protected right under the FMLA by notifying PHI of his intent to take leave, (2) he suffered an adverse employment action, and (3) that there was a causal connection between the exercise of his rights under the FMLA and the adverse employment action. *See Rodriguez v. Ford Motor Co.*, 382 F.Supp.2d 928, 933 (E.D.Mich.2005) (applying this test to a retaliatory-discharge claim under the FMLA). If Sameull satisfies these three requirements, the burden shifts to PHI to proffer a legitimate, nondiscriminatory rationale for discharging the employee. *Skrjanc v. Great Lakes Power Serv. Co.* 272 F.3d 309, 315 (6th Cir. 2001).

Unlike a claim for interference with FMLA rights, under the retaliation theory the employer's motive is an integral part of the analysis. The employer's motive is relevant because retaliation claims impose liability on employers that act against employees specifically because those employees invoked their FMLA rights. *Edgar v. JAC Products,*

*Inc.*, 443 F.3d 501, 508. The crux of the claim is that the adverse employment action was taken because the employee exercised his FMLA rights.

The parties concede, for the purposes of the dispositive motion only, that Sameull can establish a *prima facie* retaliation claim and that the burden now shifts to it to establish a legitimate, nondiscriminatory and non-retaliatory reason for its adverse employment decision.

PHI argues that it has carried its burden. The Court agrees. PHI had a good faith, honest belief that Samuell was using his approved FMLA-like baby-bonding leave for a fraudulent purpose. Instead of bonding with his newborn son, PHI believed Samuell was using his approved leave to participate in air shows around the country on behalf of Sierra Aeronautics. When Brand asked Samuell point-blank if he was operating his side business during his leave and Samuell told him, "absolutely not," PHI thought Sameull was lying. This sequence of events clearly gave PHI a legitimate, non-discriminatory and non-retaliatory reason for terminating Samuell's employment. The FMLA is not a *carte blanche*, so to speak; the leave is not to be abused. Dishonesty and fraud constitute lawful, non-retaliatory bases for termination. *See Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274 , 284 (internal citations omitted). In this case, Sameull was dishonest when PHI inquired as to the leave he had taken.

Yet Sameull maintains that PHI's legitimate, non-discriminatory reason for terminating his employment is merely pretext, masking its true retaliatory motive. He makes much of the fact that he was not scheduled to work on the days in question. True. But his name was not on the whiteboard because he was, presumably, on leave.

According to the various affidavits of PHI management, had Sameull not been on baby-bonding leave, he would have been scheduled to work for PHI on some or all of those days.

Samuell also contends that he requested vacation days for the days he attended the airshows. Yet there is no record of such a request and, notably, Sameull testified that at that time, he had no vacation days left to take.

Finally, Sameull states he took his newborn to the airshows on the date in question, thereby implying that he was, in fact, bonding with his newborn and, thus, was not playing fast and loose with his baby-bonding leave. Yet, this assertion is not supported by any evidence. Nor does it change the fact that he was not forthcoming and honest when asked about the airshows.

Sameull has not presented any evidence which would suggest that PHI did not believe that his conduct warranted termination. It is well established the "honest belief" rule defeats this type of pretext argument. "[A]s long as an employer has an honest belief in its proffered non-discriminatory reason," the employee cannot establish pretext simply because the reason is ultimately shown to be incorrect. *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir.2001); *see also Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir.1998) ("[S]o long as the employer honestly believed in the proffered reason given for its employment action, the employee cannot establish pretext even if the employer's reason is ultimately found to be mistaken, foolish, trivial, or baseless.").

9

When the "honest belief" rule is invoked, as PHI does here, to establish pretext, "the plaintiff must allege more than a dispute over the facts upon which his discharge was based." *Braithwaite v. Timken Co.*, 258 F.3d 488, 493–94 (6th Cir.2001) *(citing Smith, 155 F.3d at 806*–07). He must put forth evidence which demonstrates that the employer did not "honestly believe" in the proffered non-discriminatory reason for its adverse employment action." *Id.* In determining whether PHI had an "honest belief" in the proffered basis for discharge, we examine whether it has established a "reasonable reliance" on the particularized facts that were before it at the time the decision was made. *Abdulnour v. Campbell Soup Supply Co.*, 502 F.3d 496, 502–03 (6th Cir.2007).

The record establishes that Sameull, while on baby-bonding leave from PHI, pursued his entrepreneurial enterprise and, when confronted, was untruthful. This decision is not pretext; rather it is an unassailable reason for termination.

Sameull's arguments in opposition are misdirected. The determinative question is not whether Sameull actually lied about his whereabouts and intentions but whether PHI reasonably believed that he did. None of the arguments presented by Sameull cast doubt on the basis in fact of PHI's proffered legitimate, non-discriminatory reason for terminating his employment.

There are not, as Sameull insists, material facts in dispute. "If the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary judgment." *Pharakhone v. Nissan North America, Inc..* 324 F.3d 405, 407 (6th Cir. 2003). Based upon the record, there no are no material facts in dispute with regard to

Sameull's FMLA claims and PHI is entitled to judgment as a matter of law as to these claims.

B. **Promissory Estoppel**

Samuell's promissory estoppel claim is based on his contention that, after notifying PHI of his side business, Sierra Aeronautics, in accordance with the Company's Conflict of Interest Policy, he received assurances from PHI that his operation of Sierra Aeronautics did not create and conflict of interest with his PHI employment. Relying on these assurances, Samuell operated Sierra Aeronautics and PHI terminated his employment for doing so.

Yet, PHI did not terminate Samuell's employment for operating Sierra Aeronautics, purportedly in violation of its Conflict of Interest Policy. It terminated him after it learned that he was fraudulently using the FMLA-like leave it had approved for Samuell to bond with his newborn son to instead operate Sierra Aeronautics at various air shows around the country. Therefore, there is no factual basis for this claim and, as such, summary judgment is appropriate.

C. **Other claims**

In his response to PHI's dispositive motion, Sameull makes no arguments in support of the claims alleged in Counts IV, V and VI of his Complaint. *See, e.g., Clark v. City of Dublin, Ohio,* 178 Fed.Appx. 522, 524–25 (6th Cir.2006) (finding that, when a plaintiff did not properly respond to arguments asserted by a defendant's motion for summary judgment as to two claims, "the District Court did not err when it found that the Appellant abandoned [those] claims"); *Conner v. Hardee's Food Sys., Inc.,* 65 Fed.Appx.

11

19 (6th Cir.2003) (finding that the plaintiffs had abandoned their claim "[b]ecause [they] failed to brief the issue before the district court"); *Parker v. Zale Corp.*, 864 F.Supp.2d 670, 684–85 (E.D.Tenn.2012) (finding that defendants are entitled to summary judgment as to claims that plaintiff abandons at the summary judgment stage); *Anglers of the Au Sable v. United States Forest Svc.*, 565 F.Supp.2d 812, 839 (E.D.Mich.2008) ("It is well settled that abandonment may occur where a party asserts a claim in its complaint, but then fails to address the issue in response to an omnibus motion for summary judgment."). This Court will thus deem the claim asserted in Counts IV, V and VI abandoned.

### IV.

"It is inappropriate for the judiciary to substitute its judgment for that of management." *Smith v. Leggett Wire Co.*, 220 F.3d 752, 763 (6th Cir.2000); *see Krenik v. County of Le Sueur*, 47 F.3d 953, 960 (8th Cir.1995)(holding that federal courts do not sit as a "super-personnel department"). Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior. In this case, PHI did not violate any federal rights.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 39] be **SUSTAINED.**

This 7th day of August, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge